KING, Circuit Judge, concurring in part and dissenting in part:
I agree with the majority that the district court appropriately entered summary judgment in favor of the hospital on Hassen's failure-to-promote and discriminatory-termination claims. But I would reverse the district court's entry of summary judgment on Hassen's failure-to-hire claim. Hassen has rebutted the hospital's proffered nondiscriminatory explanation for not hiring her by presenting evidence that the hospital's explanation is false.
In the district court, the hospital argued that Hassen did not apply for the full-time position. But the hospital has since abandoned this argument because Hassen attached a copy of her application for the full-time position to her opposition to summary judgment. "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.' ... An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action." Laxton v. Gap Inc. , 333 F.3d 572, 578 (5th Cir. 2003) (quoting Wallace v. Methodist Hosp. Sys. , 271 F.3d 212, 220 (5th Cir. 2001) ). By demonstrating that the hospital's proffered reason was false, Hassen has raised a genuine issue of material fact sufficient to survive summary judgment. See Caldwell v. KHOU-TV , 850 F.3d 237, 242 (5th Cir. 2017) ("[T]he question is not whether the plaintiff proves pretext, but rather whether the plaintiff raises a genuine issue of fact regarding pretext." (quoting Thornbrough v. Columbus & Greenville R.R. Co. , 760 F.2d 633, 646 (5th Cir. 1985), abrogated on other grounds by St. Mary's Honor Ctr. v. Hicks , 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993) )); see also Laxton , 3d/333/572/#p578">333 F.3d at 578 ("No further evidence of discriminatory animus is required because 'once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation ....' " (omission in original) (quoting Reeves v. Sanderson Plumbing Prods., Inc. , 530 U.S. 133, 147-48, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) )).
In its reply brief below, and now on appeal, the hospital shifted its reasoning: now, the hospital agrees that Hassen applied for full-time employment, but it argues that Hassen also indicated that she would accept a PRN position. The majority accepts this explanation at face value. But in fact, the hospital's "inconsistent explanations *360 for an employment decision 'cast doubt' on the truthfulness of those explanations." Caldwell , 850 F.3d at 242 (quoting Gee v. Principi , 289 F.3d 342, 348 (5th Cir. 2002) ) (finding employee raised a genuine issue of fact regarding pretext by showing that employer's explanations had "transformed over time"). Thus, the hospital's shifting explanations for not hiring Hassen for the full-time position further support her position that there is a genuine issue of material fact as to whether the hospital's explanation was pretextual.
The majority does not address these points, instead concluding that Hassen "merely recite[d] her burden under the McDonnell Douglas framework" and failed to "present any new evidence or point to any evidence" in support of her position. But Hassen expressly rebutted the hospital's proffered reason by arguing that the hospital's initial explanation was false and pointing to the evidence in the record that she applied for the full-time position. She has thus met her burden to raise a genuine issue of fact regarding pretext.
For these reasons, I would conclude that Hassen has presented a fact issue sufficient to survive summary judgment on her claim for failure to hire for the full-time position, and as to that claim, I respectfully dissent.